IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kenneth W. Adams, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:08-3212-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (2006). Plaintiff Kenneth W. Adams ("Adams") seeks attorney's fees in the above-captioned social security action in the amount of Twenty-One Thousand Six Hundred Fifty-One Dollars and Seventy-Five Cents ($21,651.75). W. Daniel Mayes' ("Mayes") representation of Adams resulted in an award of benefits in the amount of Eighty-Six Thousand Six Hundred Seven Dollars ($86,607.00). The Commissioner does not oppose the request for attorney's fees and agrees that an award in the amount of $21,651.75 is reasonable.

Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a social security case,[1] the court finds that an award of $21,651.75 is reasonable. See Gisbrecht, 535 U.S. at 807 ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable

---

[1] Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

1

results in particular cases."). "In exercising [the court's] discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]." Craig, 864 F.2d at 328. Pursuant to a contingency fee agreement, Adams agreed to pay Mayes 25 percent of any past-due benefits. In compliance with 42 U.S.C. § 406(b)(1)(A), Mayes' fee does not exceed 25 percent of past-due benefits.[2] Further, Mayes achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. Cf. Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003).

It is therefore

**ORDERED** that attorney's fees are awarded in the amount of Twenty-One Thousand Six Hundred Fifty-One Dollars and Seventy-Five Cents ($21,651.75).

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
February 24, 2010

---

[2] The court has also awarded Adams attorney's fees, costs and expenses pursuant to the Equal Access to Justice Act ("EAJA"). Mayes shall refund to Adams any attorney's fees paid pursuant to the EAJA upon his receipt of § 406(b) attorney's fees. See Gisbrecht, 535 U.S. at 769.